WARD, Judge.
Michael Brown was tried by a jury and convicted of aggravated burglary in violation of La.R.S. 14:60. The District Attorney later proved that Brown had previously been convicted of simple burglary, and hence, he was a multiple offender. Brown was sentenced as a second felony offender to serve sixty years at hard labor, the maximum sentence under La.R.S. 14:60 and La.R.S. 15:529.1.
Although not alleged as error, we have reviewed the record for sufficiency of evidence to support the conviction. State v. Raymo, 419 So.2d 858 (La.1982). We find that, viewing the evidence in the light most'favorable to the prosecution, a rational finder of fact could have found that each essential element of aggravated burglary had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Brown’s sole contention on appeal is that the court erred in imposing an unconstitutionally excessive sentence. We do not have to reach that issue because the record shows that the Trial Judge failed to consider the mitigating circumstances set out in the sentencing guidelines of La.C. Cr.P. art. 894.1. Therefore, although we affirm Brown’s conviction,' we vacate Brown’s sentence. We do not now decide whether the sentence is excessive, but we remand to the Trial Court to consider mitigating circumstances of the sentencing guidelines and to re-sentence the defendant.
Accordingly, Michael Brown’s conviction is affirmed, but his sentence is vacated and the case remanded for re-sentencing in compliance with La.C.Cr.P. art. 894.1.
AFFIRMED IN PART; REMANDED IN PART.